THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE WRIGHT, Appellant. [823 NYS2d 812]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered November 21, 2000. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that County Court erred in refusing to suppress tangible evidence seized from his residence (*see generally People v Himmel*, 252 AD2d 273, 275 [1999], *lv denied* 93 NY2d 899 [1999]), particularly in view of the general proposition that "search warrants, which are composed not by lawyers but by police officers acting under stress, are not to be read hypertechnically and may be 'accorded all reasonable inferences' " (*People v Robinson*, 68 NY2d 541, 551-552 [1986]). Nor did the court abuse its discretion by admitting in evidence a photograph of defendant's bedroom (*see generally People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]).

Defendant further contends that the court erred in permitting a prosecution witness to testify that defendant held himself out as a priest and wore a priest's collar. Defendant made only a general objection to that testimony and subsequently made an untimely motion for a mistrial, and thus defendant failed to preserve his contention for our review (*see People v Kello*, 267 AD2d 123, 123-124 [1999], *affd* 96 NY2d 740 [2001]). Defendant also failed to preserve for our review his contention that the court demonstrated bias against him when the court sustained the objections of the prosecutor to defense counsel's cross-examination of the victim and when the court interrupted defense counsel during that cross-examination and instead conducted its own examination of the victim (*see generally People v Yut Wai Tom*, 53 NY2d 44, 55-56 [1981]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the reference of the prosecutor in his opening statement to "X-rated" materials found in defendant's apartment was not so egregious as to deprive defendant of a fair trial (*see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

Although we agree with defendant that the court erred in admitting the affidavit of the People's fingerprint expert at his persistent felony offender hearing (*see Crawford v Washington*, 541 US 36, 51-52 [2004]), we nevertheless conclude that the People met their burden at the hearing by submitting other evidence establishing beyond a reasonable doubt that defendant was convicted of at least two predicate felonies (*see People v Williams*, 30 AD3d 980, 981-983 [2006]).

We have reviewed defendant's remaining contentions and

conclude that they are without merit. Present—Scudder, J.P., Martoche, Centra and Pine, JJ.