THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN M. GOFF, Appellant. [892 NYS2d 688]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of sexual abuse in the second degree (Penal Law § 130.60 [2]) and one count of criminal sexual act in the first degree (§ 130.50 [4]). Defendant failed to preserve for our review his contention that the conviction under the third count of the indictment, charging sexual abuse in the second degree, and under the fourth count of the indictment, charging criminal sexual act in the first degree, is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of those counts as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we agree with defendant, however, that the verdict with respect to both of those counts is against the weight of the evidence (*see generally People v Bleak-*

*ley*, 69 NY2d 490, 495 [1987]), and we therefore modify the judgment accordingly. Where, as here, a different finding from that of the jury would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " and, if we conclude that the trier of fact failed to give the evidence the weight it should be accorded, we may set aside the verdict (*id.*).

Here, the two counts in question concerned one incident that, according to County Court's jury instruction, occurred "sometime after Christmas 2004 and around or during the first week of January 2005." During that incident, defendant allegedly touched the complainant's penis and engaged in oral sexual conduct. The complainant testified that the incident occurred after Christmas break and on a Tuesday after school, when his mother was working and he was home alone with defendant. His mother, however, testified that she ended her job on Christmas Eve and that, after that date, either she or her husband would meet the complainant at his bus stop on Tuesdays. The complainant became confused on cross-examination at trial, and he testified that one of his parents would in fact meet him at his bus stop after Christmas and that he therefore would not have been alone with defendant after school. In addition, the complainant admitted that he told the police that defendant had not used his mouth during any incident. The complainant was unable to recall many details concerning the incident and gave conflicting testimony with respect to those details that he did recall, including defendant's position on the couch (*see People v Wallace*, 306 AD2d 802, 803 [2003]). We thus conclude that the jury failed to give the evidence the weight it should be accorded with respect to the third and fourth counts of the indictment (*see generally Bleakley*, 69 NY2d at 495). However, viewing the evidence in light of the elements of the remaining counts as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, the court properly curtailed his cross-examination of the complainant because the court did not thereby " 'keep[ ] from the jury relevant and important facts bearing on the trustworthiness of crucial testimony' " (*People v Dennard*, 39 AD3d 1277, 1279 [2007], *lv denied* 9 NY3d 842 [2007]). Indeed, the length of defendant's cross-examination of the complainant was approximately four times that of the prosecutor's direct examination of him, and

defendant failed to identify any areas of questioning that he was unable to cover. The further contention of defendant that the court demonstrated bias against him is not preserved for our review (*see People v Wright*, 34 AD3d 1274, 1275 [2006], *lv denied* 8 NY3d 886 [2007]; *People v Tricic*, 34 AD3d 1319, 1320 [2006], *lv denied* 8 NY3d 850 [2007]) and, in any event, that contention is without merit. Rather, the court properly precluded defendant from asking cumulative and argumentative questions (*see People v Martich*, 30 AD3d 305 [2006], *lv denied* 7 NY3d 868 [2006]). Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.