# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1329

KA 08-01384

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JERRED KING, DEFENDANT-APPELLANT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC., CONFLICT DEFENDERS, WARSAW (ANNA JOST OF COUNSEL), FOR DEFENDANT-APPELLANT.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered May 6, 2008. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [4]), defendant contends that the evidence is legally insufficient to establish that he stole the victim's wallet that contained, inter alia, a debit card. We reject that contention. According to the evidence presented at trial, the wallet was stolen from the victim at a convenience store, where she was working as a cashier. There was overwhelming evidence presented at trial that defendant entered the store shortly before the victim discovered that her wallet was missing from her purse, and surveillance videos from inside the store showed defendant walking to the side counter where the purse was located and reaching inside the purse. Although the wallet is not visible from the surveillance videos, we conclude that the evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), provides "a valid line of reasoning and permissible inferences from which a rational jury" could have concluded that defendant took the wallet and thus committed the crime charged (*People v Steinberg*, 79 NY2d 673, 682; *see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant's contention that he was deprived of effective assistance of counsel by defense counsel's failure to call certain

persons as alibi witnesses at trial is based on matters outside the record on appeal, and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL 440.10 (*see People v Green*, 277 AD2d 970, *lv denied* 96 NY2d 759).  Given defendant's lengthy criminal record and his failure to accept responsibility for his criminal conduct, we conclude that the sentence is neither unduly harsh nor severe.  Finally, defendant failed to preserve for our review his contention that County Court erred in failing to obtain an updated presentence report before imposing sentence (*see People v Carey*, 86 AD3d 925, *lv denied* 17 NY3d 814; *People v Obbagy*, 56 AD3d 1223, *lv denied* 11 NY3d 928), and in any event that contention is moot inasmuch as defendant has already served his sentence.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court