# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**27**

**KA 08-02370**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

JOHN J. WITTMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered October 9, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of assault in the second degree (Penal Law § 120.05 [2]). Defendant's contention that he was deprived of effective assistance of counsel by defense counsel's failure to call certain persons as alibi witnesses is based on matters outside the record on appeal, and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL 440.10 (see People v King, 90 AD3d 1533, 1534, lv denied 18 NY3d 959; People v Watson, 269 AD2d 755, 756, lv denied 95 NY2d 806). We reject defendant's further contention that defense counsel was ineffective in failing to conduct an adequate cross-examination of two of the People's witnesses. " 'Speculation that a more vigorous cross-examination might have [undermined the credibility of witnesses] does not establish ineffectiveness of counsel' " (People v Bassett, 55 AD3d 1434, 1438, lv denied 11 NY3d 922). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on various instances of judicial misconduct (see People v Yut Wai Tom, 53 NY2d 44, 55-56), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Black, 38 AD3d 1283, 1286, lv denied 8 NY3d 982). Defendant also

failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893), and, in any event, that contention is without merit.  The alleged misconduct was not so egregious as to deprive defendant of a fair trial (*see People v Pringle*, 71 AD3d 1450, 1451, *lv denied* 15 NY3d 777; *People v Scott*, 60 AD3d 1483, 1484, *lv denied* 12 NY3d 859).

Entered:  February 8, 2013

Frances E. Cafarell
Clerk of the Court