# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**528**

**KA 11-01080**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

WALTER ROMAN, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (MATTHEW P. WORTH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 22, 2010. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, rape in the second degree, criminal sexual act in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), rape in the second degree (§ 130.30 [1]), and criminal sexual act in the second degree (§ 130.45 [1]), defendant contends that the verdict with respect to those counts is against the weight of the evidence. We reject that contention. We note that a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of the victim (*see People v Hutzler*, 270 AD2d 934, 934, *lv denied* 94 NY2d 948; *see generally People v Bleakley*, 69 NY2d 490, 495). Nevertheless, viewing the evidence in light of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and affording the requisite "great deference to the jury given its opportunity to view the witnesses" (*Hutzler*, 270 AD2d at 934; *see People v Barreto*, 64 AD3d 1046, 1048-1049, *lv denied* 13 NY3d 834), we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495). Contrary to the contention of defendant, the jury did not err in crediting the testimony of the People's medical expert with respect to physical evidence of sexual contact with the victim, a child, over the testimony of the defense expert on that subject. The People's medical expert, a pediatrician, focused her practice on the examination of alleged child victims of sexual abuse and was certified by the Child Abuse Medical Provider Program (CHAMP). The defense expert, an obstetrician/

gynecologist, focused his practice on adults and was not certified by
CHAMP.  Further, the People's medical expert physically examined the
victim in this case, while the defense expert based his opinions on a
single photograph taken during that examination.  With respect to the
experts' differing interpretations of the medical evidence, "[t]he jury
was free to adopt whichever version it found more credible" (*People v
Miller*, 91 NY2d 372, 380).

     Contrary to the further contention of defendant, the victim's
testimony was not incredible as a matter of law.  Most of the alleged
inconsistencies that defendant points to are of minimal, if any,
significance.  Moreover, with respect to the details of the first sexual
encounter between the victim and defendant, we conclude that defendant
mischaracterizes or exaggerates the inconsistencies in the victim's
statements.  In any event, "[a]ny inconsistencies in the victim's
testimony were highlighted by defense counsel, and the jury's resolution
of credibility issues with respect to the testimony of the victim is
entitled to great deference" (*People v DiTucci* [appeal No. 1], 81 AD3d
1249, 1250, *lv denied* 17 NY3d 794; *see People v Hernandez*, 291 AD2d 263,
263, *lv denied* 98 NY2d 697).  We further note that several aspects of the
victim's testimony were corroborated by other witnesses.

     Defendant's contention that he was deprived of effective assistance
of counsel by defense counsel's failure to call unspecified exculpatory
witnesses on his behalf or to introduce alleged documentary evidence that
would have established his innocence is based on matters outside the
record on appeal and therefore must be raised by way of a motion pursuant
to CPL 440.10 (*see People v Wittman*, 103 AD3d 1206, 1206-1207; *People v
King,* 90 AD3d 1533, 1534, *lv denied* 18 NY3d 959).  To the extent that
defendant's contention is reviewable on this appeal, we conclude that,
viewing the evidence, the law and the circumstances of this case, in
totality and as of the time of the representation, defendant received
meaningful representation (*see Wittman*, 103 AD3d at 1207; *see generally
People v Baldi*, 54 NY2d 137, 147).  Notably, prior to trial, defense
counsel served discovery demands; filed an omnibus motion seeking, inter
alia, dismissal or reduction of the charges in the indictment and
suppression of defendant's oral statements; and requested a bill of
particulars.  Defense counsel also successfully moved to preclude
potentially damaging testimony from a child witness.  At trial, defense
counsel extensively cross-examined the People's witnesses, particularly
the victim and the People's medical expert, and vigorously advocated for
defendant in his opening and closing statements, arguing that the victim
was lying and that the People's witnesses were unworthy of belief.

     We reject the further contention of defendant that the court
punished him for exercising his right to a trial.  "[T]he mere fact that
a sentence imposed after trial is greater than that offered in connection
with plea negotiations is not proof that defendant was punished for
asserting his right to trial . . . , and there is no indication in the
record before us that the sentencing court acted in a vindictive manner
based on defendant's exercise of the right to a trial" (*People v Brink*,
78 AD3d 1483, 1485, *lv denied* 16 NY3d 742 [internal quotation marks
omitted]; *see People v Lewis*, 93 AD3d 1264, 1267, *lv denied* 19 NY3d 963;
*People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800).  Finally,

the sentence is not unduly harsh or severe, particularly in light of the severity of the crimes and defendant's failure to take any responsibility for his actions or to express remorse.

Entered:  June 7, 2013                    Frances E. Cafarell
                                          Clerk of the Court