# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**962**

**KA 11-01660**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STANLEY A. KAMINSKI, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 13, 2011.  The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and driving while ability impaired (§ 1192 [1]).  As defendant correctly concedes, he failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant's contention that he was deprived of effective assistance of counsel based on defense counsel's failure to call a certain witness to testify at trial or to seek an adjournment in order to call that witness at trial is based on matters outside the record on appeal, and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL 440.10 (*see People v Wittman*, 103 AD3d 1206, 1206-1207, *lv denied* 21 NY3d 915; *People v King*, 90 AD3d 1533, 1534, *lv denied* 18 NY3d 959).  Moreover, inasmuch as "the evidence is legally sufficient to support defendant's

conviction . . . , it cannot be said that defense counsel's failure to renew the motion for a trial order of dismissal constitutes ineffective assistance of counsel" (*People v Pytlak*, 99 AD3d 1242, 1243, *lv denied* 20 NY3d 988; *see generally People v Caban*, 5 NY3d 143, 152).

Entered:  September 27, 2013                     Frances E. Cafarell
                                                 Clerk of the Court