# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**891**
**KA 11-01210**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

DEAN TUSZYNSKI, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 1, 2011. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree and leaving the scene of an incident without reporting.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), defendant contends that the verdict with respect to those counts is contrary to the weight of the evidence with respect to the issue of intoxication. We reject that contention.

We note at the outset that the conviction of aggravated unlicensed operation of a motor vehicle in the first degree does not require proof of intoxication, and we thus reject defendant's contention with respect to that crime. Unlike the driving while intoxicated count, which requires proof that defendant was intoxicated (*see* Vehicle and Traffic Law § 1192 [3]), the aggravated unlicensed operation of a motor vehicle in the first degree count may be sustained upon proof that defendant was driving while his ability to operate a motor vehicle was impaired pursuant to Vehicle and Traffic Law § 1192 (1) (*see People v Gelster*, 256 AD2d 1133, 1133; *see e.g. People v Kaminski*, 109 AD3d 1186, 1186, *lv denied* 22 NY3d 1088; *People v DeCarlis*, 37 AD3d 1040, 1040, *lv denied* 8 NY3d 945), and it is well settled that a " '[c]onviction of [that] offense [does] not require proof of intoxication, but only [requires proof] that defendant's driving ability was impaired to any extent' " by the consumption of

alcohol (*People v McDonald*, 27 AD3d 949, 950).  Here, defendant concedes in his brief that the weight of the evidence supports a finding that his driving ability was impaired by his consumption of alcohol.

In any event, we conclude that the verdict is not against the weight of the evidence on the issue of intoxication.  "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (*People v Streeter*, 118 AD3d 1287, 1288 [internal quotation marks omitted]; *see People v Roman*, 107 AD3d 1441, 1442-1443, *lv denied* 21 NY3d 1045; *People v Scott*, 107 AD3d 1635, 1636, *lv denied* 21 NY3d 1077).  "Viewing the evidence in a neutral light and weighing the probative value of the conflicting testimony and the conflicting inferences that could be drawn, while deferring to the jurors' ability to observe the witnesses and assess their credibility, aided by the video recording, we find that it was not contrary to the weight of the credible evidence for the jury to find that defendant" was intoxicated (*People v Purvis*, 90 AD3d 1339, 1341, *lv denied* 18 NY3d 997; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that the persistent felony offender statutory scheme is unconstitutional in light of the rule in *Apprendi v New Jersey* (530 US 466).  To the contrary, it is well settled that Penal Law § 70.10 and CPL 400.20 are constitutional (*see People v Battles*, 16 NY3d 54, 59, *cert denied* ___ US ___, 132 S Ct 123; *People v Quinones*, 12 NY3d 116, 122-131, *cert denied* 558 US 821).  Finally, the sentence is not unduly harsh or severe.

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court