# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**954**

**KA 13-00457**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

SKIPPY B. WOOLSON, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered February 7, 2013. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the second degree (four counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]). Shortly before the trial was scheduled to begin, defense counsel requested an adjournment of the trial on the ground that he was too ill to try the case. County Court initially denied the request and resolved certain pretrial matters, but then adjourned the trial. On appeal, defendant contends that the court abused its discretion in denying the initial request for an adjournment. It is well settled that the "granting of an adjournment for any purpose is a matter of discretion for the trial court" (*People v Singleton*, 41 NY2d 402, 405; *see People v Spears*, 64 NY2d 698, 699-700; *People v Green*, 74 AD3d 1899, 1900-1901, *lv denied* 15 NY3d 852), and a " 'court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956; *see People v Bones*, 50 AD3d 1527, 1528, *lv denied* 10 NY3d 956; *see generally People v Dashnaw*, 37 AD3d 860, 862-863, *lv denied* 8 NY3d 945). Here, we conclude that defendant failed to establish that he was prejudiced by the initial denial of defense counsel's request for an adjournment. We reject defendant's contention that the court was required to hold the matter in abeyance pursuant to CPLR 321 (c). Even assuming, arguendo, that the statute applies to criminal proceedings (*cf.* CPL 1.10; *People v Silva*, 122 AD2d 750, 750), there is no indication in the record that defense counsel was "physically or mentally incapacitated" (CPLR 321 [c]).

Defendant further contends that he was denied effective assistance of counsel based upon several acts or omissions on the part of defense counsel. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712-713), and defendant failed to make such a demonstration here. With respect to defendant's claim that defense counsel was ineffective for failing to produce an expert witness to rebut the expert testimony introduced by the People, defendant has not established that such expert "testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence" (*People v West*, 118 AD3d 1450, 1451 [internal quotation marks omitted]; *see Aikey*, 94 AD3d at 1487). With respect to defendant's claim that defense counsel was ineffective for failing to make certain motions, it is well settled that an attorney's "failure to 'make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287), and we conclude that defendant's claims of ineffectiveness involve motions that had virtually no chance of success. Defendant's remaining claims concerning ineffective assistance of counsel "involve[] matters outside the record on appeal, and thus the proper procedural vehicle for raising [those] claim[s] is by way of a motion pursuant to CPL 440.10" (*People v Wilson*, 49 AD3d 1224, 1225, *lv denied* 10 NY3d 966; *see People v Hall*, 50 AD3d 1467, 1469, *lv denied* 11 NY3d 789). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal, and thus he failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and "those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890). Contrary to the dissent's conclusion that a possible discrepancy in the date of the offense requires a different verdict, "any inconsistencies in the testimony of the victim with respect to the date[] of [the] crime[] merely presented a credibility issue for the jury to resolve" (*People v Furlong*, 4 AD3d 839, 841, *lv denied* 2 NY3d 739). Furthermore, we respectfully disagree with the dissent's reliance upon the

circumstances under which the victim disclosed the abuse as a reason to reject his testimony. The People produced expert testimony establishing that victims of sexual abuse often, as part of the sexual abuse accommodation syndrome, exhibit a "delayed, conflicted and unconvincing disclosure" of the abuse, which would explain the circumstances upon which the dissent relies. Thus, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe.

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum: I respectfully dissent. Although I agree with the majority with respect to the other issues raised on appeal, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), I conclude that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). I therefore would reverse the judgment, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.

I agree with defendant that, given the combination of the victim's mental illness, his past false accusation of similar sexual abuse, his motivation to lie, and the timing of his accusation against defendant, this is one of those rare cases in which we should conclude that the jury failed to give the evidence the weight it should be accorded (*see People v Goff*, 68 AD3d 1796, 1796-1797; *People v Wallace*, 306 AD2d 802, 802-803; *see generally Bleakley*, 69 NY2d at 495). Here, the record establishes that the victim has a history of mental illness and an inability to control his behavior. The victim's history also includes one false accusation of sexual abuse, which is remarkably similar to the accusation made in this case. Further, the victim's testimony that the abuse continued to occur into April 2011 while the victim's mother was working for defendant's aunt is at odds with the testimony of defendant's aunt that the victim's mother stopped working for her on March 25, 2011. Moreover, the victim's stated desire to have defendant leave the home in which the victim lived with the victim's mother, coupled with the suspicious and self-serving timing of the accusation, leads to the conclusion that the victim's testimony is "impossible of belief" (*Wallace*, 306 AD2d at 802).

Indeed, the record establishes that the victim claimed to have been sexually abused by defendant nearly every day between late December 2010 and approximately April 11, 2011. On April 11, 2011, the victim held a knife to the throat of a developmentally challenged youth during the theft of the youth's bicycle. After that incident, defendant punched the victim and gave the victim a black eye. The victim, in turn, "flipped out" and punched a wall after the victim's mother sided with defendant in a dispute about the punch. Sometime between April 11, 2011 and April 13, 2011 the victim left the home shared by defendant and the victim's mother and entered a placement.

On April 13, 2011, the victim refused to leave that placement to return to the home shared by defendant and the victim's mother.  The next day, the victim accused defendant of assaulting him, telling an Oswego County mental health worker that he was "sick of [defendant]," did not want to live with him, and "want[ed] him arrested."  On April 15, 2011, the victim was sent to a different facility for a psychiatric evaluation and, while at that facility on April 16, 2011, he told staff that defendant had punched him, but he did not disclose any sexual abuse.  On April 18, 2011, defendant told staff that he did not want to return home because defendant had punched him, and only later that day did the victim disclose the alleged sexual abuse to his sister.  Defendant's conviction hinged on the testimony of the victim and, given the foregoing flaws in that evidence, I cannot agree with the majority that the jury was "justified in finding . . . defendant guilty beyond a reasonable doubt" (*Danielson*, 9 NY3d at 348).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court