Fahey J.
(dissenting). I respectfully dissent. Although I agree with the majority with respect to the other issues raised on appeal, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), I conclude that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). I therefore would reverse the judgment, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.
I agree with defendant that, given the combination of the victim’s mental illness, his past false accusation of similar sexual abuse, his motivation to lie, and the timing of his accusation against defendant, this is one of those rare cases in which we should conclude that the jury failed to give the evidence the weight it should be accorded (see People v Goff, 68 AD3d 1796, 1796-1797 [2009]; People v Wallace, 306 AD2d 802, 802-803 [2003]; see generally Bleakley, 69 NY2d at 495). Here, the record establishes that the victim has a history of mental illness and an inability to control his behavior. The victim’s history also includes one false accusation of sexual abuse, which is remarkably similar to the accusation made in this case. Further, the victim’s testimony that the abuse continued to occur into April 2011 while the victim’s mother was working for defendant’s aunt is at odds with the testimony of defendant’s aunt that the victim’s mother stopped working for her on March 25, 2011. Moreover, the victim’s stated desire to have defendant leave the home in which the victim lived with the victim’s mother, coupled with the suspicious and self-serving timing of the accusation, leads to the conclusion that the victim’s testimony is “impossible of belief’ (Wallace, 306 AD2d at 802).
Indeed, the record establishes that the victim claimed to have been sexually abused by defendant nearly every day between late December 2010 and approximately April 11, 2011. On April *1357 11, 2011, the victim held a knife to the throat of a developmentally challenged youth during the theft of the youth’s bicycle. After that incident, defendant punched the victim and gave the victim a black eye. The victim, in turn, “flipped out” and punched a wall after the victim’s mother sided with defendant in a dispute about the punch. Sometime between April 11, 2011 and April 13, 2011 the victim left the home shared by defendant and the victim’s mother and entered a placement. On April 13, 2011, the victim refused to leave that placement to return to the home shared by defendant and the victim’s mother. The next day, the victim accused defendant of assaulting him, telling an Oswego County mental health worker that he was “sick of [defendant],” did not want to live with him, and “want[ed] him arrested.” On April 15, 2011, the victim was sent to a different facility for a psychiatric evaluation and, while at that facility on April 16, 2011, he told staff that defendant had punched him, but he did not disclose any sexual abuse. On April 18, 2011, defendant told staff that he did not want to return home because defendant had punched him, and only later that day did the victim disclose the alleged sexual abuse to his sister. Defendant’s conviction hinged on the testimony of the victim and, given the foregoing flaws in that evidence, I cannot agree with the majority that the jury was “justified in finding . . . defendant guilty beyond a reasonable doubt” (Danielson, 9 NY3d at 348).
Present — Smith, J.P., Fahey, Lindley, Valentino and DeJoseph, JJ.