# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**271**

**KA 09-02205**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES A. ZEITZ, DEFENDANT-APPELLANT.

---

KATHLEEN A. KUGLER, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

THEODORE A. BRENNER, DEPUTY DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 19, 2004. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, rape in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law former § 130.75 [a]) and rape in the second degree (§ 130.30 [1]). By failing to object when the victim testified, defendant failed to preserve for our review his contention that County Court abused its discretion in allowing the victim to offer sworn testimony without inquiring into her capacity (*see People v Peppard*, 27 AD3d 1143, 1143, *lv denied* 7 NY3d 793; *People v Reed*, 247 AD2d 900, 900, *lv denied* 92 NY2d 859; *People v Strong*, 172 AD2d 1059, 1059). In any event, that contention lacks merit. The victim, who was 16 years old at the time of the trial, was presumed competent to testify, and voir dire was not mandatory (*see* CPL 60.20 [2]; *People v Martina*, 48 AD3d 1271, 1272, *lv denied* 10 NY3d 961; *Peppard*, 27 AD3d at 1143), and we conclude that there is no indication in the record that the court abused its discretion in permitting the victim to give sworn testimony (*see Reed*, 247 AD2d at 901; *see generally People v Parks*, 41 NY2d 36, 45-46).

Defendant further contends that the verdict is against the weight of the evidence. At the outset, we conclude that "a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of the victim" (*People v Roman*, 107 AD3d 1441, 1442, *lv denied* 21 NY3d

1045; *see generally People v Bleakley*, 69 NY2d 490, 495). Nevertheless, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and "affording the requisite 'great deference to the jury given its opportunity to view the witnesses' " (*Roman*, 107 AD3d at 1442), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Despite some minor inconsistencies in her trial testimony, we conclude that "nothing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of those crimes . . . , and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819, *lv denied* 7 NY3d 765; *see People v Olson*, 110 AD3d 1373, 1374, *lv denied* 23 NY3d 1023; *Roman*, 107 AD3d at 1442).

Contrary to defendant's contention, any inconsistencies in the testimony with respect to the dates of the crimes merely presented a credibility issue for the jury to resolve (*see People v Woolson*, 122 AD3d 1353, 1355, *lv denied* 25 NY3d 1078), and "the fact that [the victim's] testimony concerning the time frame in which defendant ceased his sexual contact with her was vague and contradictory at times does not render her testimony incredible as a matter of law" (*People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922). Contrary to defendant's further contention, no corroboration of the victim's testimony was required inasmuch as the victim was competent to testify under oath (*see* CPL 60.20 [2], [3]; *People v Izzo*, 104 AD3d 964, 966, *lv denied* 21 NY3d 1005). In any event, "several aspects of the victim's testimony were corroborated by other witnesses," including the victim's mother (*Roman*, 107 AD3d at 1443). The testimony of the victim's mother was not " 'so inconsistent or unbelievable as to render it incredible as a matter of law' " (*People v Shinebarger*, 110 AD3d 1478, 1479, *lv denied* 24 NY3d 1088).

We reject defendant's contention that the circumstances under which the victim disclosed the abuse establishes that her testimony is not credible. Rather, we conclude that the jury was entitled to credit the testimony of the People's expert that victims of abuse often, as part of child sexual abuse accommodation syndrome, exhibit a "[d]elayed, conflicted, or unconvincing disclosure" of the abuse (*see Woolson*, 122 AD3d at 1355-1356; *see generally People v Spicola*, 16 NY3d 441, 465, *cert denied* 565 US 942). Moreover, the jury was entitled to credit the victim's testimony that defendant exhibited violent behavior and threatened to harm her if she disclosed the abuse (*see Olson*, 110 AD3d at 1374). We note that the victim's testimony in that regard was corroborated by the testimony of the mother, who also explained that she had not disclosed the sexual abuse that she had witnessed out of fear for her own safety and that of her children given defendant's threats and history of domestic violence (*see generally People v Knapp*, 138 AD3d 1157, 1158; *Olson*, 110 AD3d at 1374).

We have considered defendant's remaining contention and conclude

that it is without merit.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court