People v Ashley (2018 NY Slip Op 07493)





People v Ashley


2018 NY Slip Op 07493


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

109396

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DARIUS T. ASHLEY, Appellant.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie Marmor of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered May 8, 2015, convicting defendant following a nonjury trial of the crime of assault in the second degree.
Defendant was charged in a seven-count indictment with attempted assault in the first degree and other crimes stemming from his actions in repeatedly stabbing a correction officer who was conducting a search of his prison cell. Defendant ultimately waived his right to a jury trial and proceeded to a bench trial on stipulated facts. Following the bench trial, County Court found defendant guilty of assault in the second degree and imposed the agreed-upon prison sentence of five years with five years of postrelease supervision, as a second violent felony offender, to be served consecutively to the prison sentence he was then serving. Defendant appeals.
We affirm. Defendant contends that his sentence should be vacated because County Court failed to order an updated presentence report and improperly relied upon presentence reports prepared in Schenectady and Albany Counties in 2008 and 2005, respectively, in connection with rape and kidnapping convictions (see CPL 390.20 [1]). However, defendant's claims are unpreserved as the record does not reflect that he requested an updated presentence report, he raised no objections to the reports at sentencing and there is no indication that he moved to vacate the sentence (see People v Anderson, 98 AD3d 524, 524 [2012], lv denied 20 NY3d 930 [2012]; People v King, 90 AD3d 1533, 1534 [2011], lv denied 18 NY3d 959 [2012]; People v Sears, 209 AD2d 885, 885 [1994], lv denied 85 NY2d 866 [1995]). In any event, a partially updated presentence report was prepared for the 2015 sentencing, which incorporated the prior reports, and defendant had an opportunity to present updated information to the court for sentencing consideration. Defendant had been incarcerated since 2005 and the prior reports contained sufficient history and background information for sentencing consideration (see CPL 390.30 [1]). Further, County Court's failure to obtain a fully updated report does not require remittal for resentencing as defendant received the promised sentence, which was the minimum [*2]permissible sentence (see Penal Law §§ 70.02 [1] [c]; 70.04 [1] [a]; [3] [c]), and remitting for the preparation of an updated report would be "futile and pointless" (People v Bouyea, 64 NY2d 1140, 1142 [1985]). As any error was harmless, we discern no reason to take corrective action in the interest of justice (see People v Sears, 209 AD2d at 885 [1994]).
Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.