People v Watts (2023 NY Slip Op 03996)

People v Watts

2023 NY Slip Op 03996

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

281 KA 18-00042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM WATTS, DEFENDANT-APPELLANT. 

HUG LAW, PLLC, ALBANY (MATTHEW C. HUG OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 3, 2017. The judgment convicted defendant upon a jury verdict of promoting prostitution in the third degree, rape in the third degree (three counts), criminal sexual act in the third degree (two counts) and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury trial of promoting prostitution in the third degree (Penal Law § 230.25 [2]), three counts of rape in the third degree (§ 130.25 [2]), two counts of criminal sexual act in the third degree (§ 130.40 [2]), and two counts of endangering the welfare of a child (§ 260.10 [1]) arising from allegations that defendant promoted the prostitution of the victim, who was only 16 years old at the time, and that defendant had oral and vaginal sex with her on three separate occasions.
Defendant contends that County Court lacked jurisdiction over counts 1 and 7 of the indictment. Defendant's contention is actually an assertion that Onondaga County was not the proper venue for those counts because the alleged conduct took place in a different county. "Venue, as distinguished from territorial jurisdiction, refers to the proper county or place of trial, not to the power of the court to hear and determine the case . . . Thus—unlike territorial jurisdiction which goes to the very essence of the State's power to prosecute and which may never be waived—questions relating only to the proper place for the trial are waivable" (People v McLaughlin, 80 NY2d 466, 471 [1992]). By failing to timely raise the issue, defendant waived any contention that venue was improper (see People v Cornell, 17 AD3d 1010, 1011 [4th Dept 2005], lv denied 5 NY3d 805 [2005]).
We reject defendant's contention that he was deprived of a fair trial by the court's Molineux ruling, which permitted the People to elicit testimony from the victim's 15-year-old friend that she was present when the victim met defendant in the parking lot prior to her trip to New York City and that defendant had asked the friend if she wanted to engage in prostitution that same weekend. The contested evidence was relevant to show a common scheme or plan and to establish that defendant knew that he was promoting prostitution when he provided money and drugs for the victim's trip to New York City with his associate and told the victim to do everything that his associate told her to do (see People v Brown, 74 AD3d 1748, 1749 [4th Dept 2010], lv denied 15 NY3d 802 [2010]; see generally People v Cass, 18 NY3d 553, 560 [2012]; People v Fiore, 34 NY2d 81, 84-85 [1974]). The challenged Molineux evidence was highly probative and the probative value of that evidence was not outweighed by its potential for prejudice (see People v Sin, — AD3d &mdash, 2023 NY Slip Op 03166, *1 [4th Dept 2023]; People v Molyneaux, 49 AD3d 1220, 1221 [4th Dept 2008], lv denied 10 NY3d 937 [2008]). Moreover, any possible prejudice to defendant was mitigated by the court's limiting instruction (see Sin, — [*2]AD3d at &mdash, 2023 NY Slip Op 03166, *1).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support his conviction of promoting prostitution in the third degree and endangering the welfare of a child (see generally People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). "The statutory definition of the term 'advances prostitution' . . . encompasses [a] defendant's conduct in engaging in conduct 'designed to institute, aid or facilitate an act or enterprise of prostitution' " (People v Simone-Taylor, 148 AD2d 933, 934 [4th Dept 1989], lv denied 74 NY2d 669 [1989]; see Penal Law §§ 230.15 [1]; 230.25 [2]). Here, the People presented evidence that defendant provided money and drugs to his associate for the trip to New York City where the victim was prostituted out to multiple men over a period of days. In addition, the victim testified that defendant had a conversation with her about "selling" herself. That evidence was also sufficient to support defendant's conviction of endangering the welfare of a child (see § 260.10 [1]).
Further, although "a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of the victim" (People v Zeitz, 148 AD3d 1636, 1637 [4th Dept 2017], lv denied 29 NY3d 1089 [2017] [internal quotation marks omitted]) we nevertheless conclude, after viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Contrary to defendant's contention, the victim's testimony "was not incredible as a matter of law . . . , and the conflicting testimony raised issues of credibility for the jury to resolve" (People v Reid, 281 AD2d 986, 986 [4th Dept 2001], lv denied 96 NY2d 923 [2001]; see People v Johnson, 56 AD3d 1172, 1173 [4th Dept 2008], lv denied 11 NY3d 926 [2009]; People v Baker, 30 AD3d 1102, 1102-1103 [4th Dept 2006], lv denied 7 NY3d 846 [2006]). Moreover, "no corroboration of the victim's testimony was required inasmuch as the victim was competent to testify under oath" (Zeitz, 148 AD3d at 1637). Nevertheless, "several aspects of the victim's testimony were corroborated by other witnesses," as well as photographs, surveillance footage, and text messages (id. [internal quotation marks omitted]). Contrary to defendant's further contention, "[a] circumstantial evidence charge is not required where, as here, both direct and circumstantial evidence is presented to prove defendant's guilt" (People v McHenry, 233 AD2d 866, 866 [4th Dept 1996]; see People v Hardy, 26 NY3d 245, 249 [2015]; People v Chelley, 121 AD3d 1505, 1505-1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015]).
Defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct "is unpreserved for our review inasmuch as defendant did not object to any of the alleged instances of misconduct" (People v Pendergraph, 150 AD3d 1703, 1703 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; see CPL 470.05 [2]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks omitted]). Contrary to defendant's assertion, defense counsel was not ineffective in failing to request a circumstantial evidence charge inasmuch as such a charge, as previously discussed, was not warranted (see People v Caban, 5 NY3d 143, 152 [2005]; People v Griffin, 203 AD3d 1608, 1611 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]). Nor was defense counsel ineffective in his cross-examination of the People's witnesses. Although defendant notes that defense counsel's questioning of the victim elicited a single damaging statement, it is clear when considering defense counsel's cross-examination of the victim and the other witnesses, in totality, that counsel pursued an effective strategy of cross-examination by raising inconsistencies in the witnesses' testimony and attempting to cast doubt on their veracity (see People v Cortez, 181 AD3d 820, 822 [2d Dept 2020], lv denied 35 NY3d 1065 [2020]; see generally People v Graves, 136 AD3d 1347, 1351 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]; People v Miller, 45 AD3d 1190, 1190 [3d Dept 2007]). With respect to defendant's remaining allegations of ineffective assistance of counsel, we conclude that the evidence, the law, and the [*3]circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see Benevento, 91 NY2d at 712; People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that he was penalized for exercising his right to a trial by the imposition of a sentence that is admittedly greater than the sentence offered during the plea negotiation process (see People v Becraft, 140 AD3d 1706, 1706 [4th Dept 2016], lv denied 29 NY3d 946 [2017]; People v Garner, 136 AD3d 1374, 1374 [4th Dept 2016], lv denied 27 NY3d 997 [2016]). Finally, the sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court