People v Kellam (2025 NY Slip Op 02456)

People v Kellam

2025 NY Slip Op 02456

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

183 KA 16-00129

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LYNNQUAN KELLAM, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
LYNNQUAN KELLAM, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 16, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted robbery in the first degree (three counts) and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]), three counts of attempted robbery in the first degree (§§ 110.00, 160.15 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends in his main brief that the verdict is against the weight of the evidence. We reject that contention. We note that a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of a witness identifying defendant as the perpetrator (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Nevertheless, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and affording the requisite "great deference to the jury, given its opportunity to view the witness[ ]" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]), we conclude that the jury did not fail to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant's contention in his main brief that he was deprived of a fair trial by prosecutorial misconduct on summation is, for the most part, unpreserved for our review inasmuch as defendant failed to object to all but two of the statements he now challenges on appeal (see People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). With respect to his preserved challenges, County Court gave prompt curative instructions in response to defense counsel's objections. Inasmuch as defendant did not object further or move for a mistrial, "the curative instructions must be deemed to have corrected the error to . . . defendant's satisfaction" (People v Heide, 84 NY2d 943, 944 [1994]).
Defendant contends in his main brief that the court failed to comply with the procedure for disclosure of jury notes to counsel set forth in People v O'Rama (78 NY2d 270 [1991]). We reject defendant's contention with respect to one of the seven notes at issue, i.e., jury note No. 12. "[T]he O'Rama procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response" (People v Nealon, 26 NY3d 152, 161 [2015]; see People v Agee, 206 AD3d 1723, 1724 [4th Dept 2022], lv denied 38 NY3d 1148 [2022]) and, [*2]here, defendant has not established that jury note No. 12 was a substantive inquiry. Instead, the jury's request "was nothing more than an inquiry of a ministerial nature . . . , unrelated to the substance of the verdict . . . As a result, the judge was not required to notify defense counsel nor provide them with an opportunity to respond, as neither defense counsel nor defendant could have provided a meaningful contribution" (People v Ochoa, 14 NY3d 180, 188 [2010]). Defendant failed to preserve for our review his contention with respect to the other six jury notes at issue. With respect to those notes, we note that where, as here, "counsel has meaningful notice of a substantive jury note that has been read verbatim in open court, the court's failure to discuss the note or its intended response with counsel outside the presence of the jury is not a mode of proceedings error because counsel is not prevented from objecting or from participating meaningfully" (People v Mack, 27 NY3d 534, 542 [2016], rearg denied 28 NY3d 944 [2016]), and thus preservation is required. We decline to exercise our power to review defendant's contention with respect to those six jury notes as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends in his main brief that he was denied effective assistance of counsel at trial. That contention is based in part on matters outside the record. We conclude that, because "the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the [mixed] claim in its entirety' " (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]; see People v Kellam [appeal No. 2], — AD3d — [Apr. 25, 2025] [4th Dept 2025] [decided herewith]; see also People v Franklin, 206 AD3d 1610, 1611-1612 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]).
Contrary to defendant's further contention in his main brief, the sentence is not unduly harsh or severe. Finally, we have reviewed the remaining contentions in defendant's main and pro se supplemental briefs and conclude that they do not warrant modification or reversal of the judgment.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court