THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MAJORS, Appellant. [737 NYS2d 743] —Appeal from a judgment of Monroe County Court (Marks, J.), entered August 23, 1999, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [4]) arising from the death of the three-month-old victim. Contrary to defendant's contention, County Court did not err in permitting the People to present evidence of defendant's prior physical abuse of the victim. The indictment and bill of particulars charged defendant with shaking the victim and/or "impacting" the victim's head against an object on April 5, 1999, causing the victim's death. Prior to the trial, the People notified defendant that they planned to introduce evidence that at some time in March 1999 he had committed other bad acts, including shaking the victim, thereby causing a skull fracture, broken ribs, and bleeding in the brain. Those injuries had begun to heal in the interval between the acts in March and the acts of April 5 that resulted in the death of the three-month old victim. Pursuant to that notification, the court held a *Ventimiglia* hearing and properly determined that evidence concerning the prior bad acts of

March 1999 was admissible. The admission of evidence of a defendant's physical abuse of a victim prior to the victim's death is proper because such evidence is "material and relevant on the issues whether defendant's actions evinced a depraved indifference to human life, and whether [the victim's] death was accidental" (*People v Holloway*, 185 AD2d 646, 647). Because the jury was instructed to consider only the acts of April 5, 1999 in reaching its verdict, there is no merit to the further contention of defendant that he was convicted of an uncharged crime. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.