■ The People of the State of New York, Respondent, v Doris Bowden, Appellant. [788 NYS2d 796]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered October 31, 2002. The judg-

ment convicted defendant, after a nonjury trial, of murder in the second degree (two counts) and robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing.

Memorandum: Defendant appeals from a judgment convicting her following a nonjury trial of two counts each of murder in the second degree (Penal Law § 125.25 [2], [3]) and robbery in the first degree (§ 160.15 [1], [3]). We reject defendant's contention that the verdict on the murder counts is contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review her challenges to the legal sufficiency of the evidence supporting the conviction of the robbery counts because she failed to raise those specific challenges at the close of the proof (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). The sentence of imprisonment is not unduly harsh or severe. However, the sentence is illegal insofar as it includes a 20-year period of postrelease supervision as part of the determinate sentence of imprisonment (*see* Penal Law § 70.45 [2]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing (*see People v Stanley*, 309 AD2d 1254 [2003]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Hayes, JJ.