■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE RILEY, Appellant. [805 NYS2d 215]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered July 6, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, reckless endangerment in the second degree, and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [4]), reckless endangerment in the second degree (§ 120.20), and endangering the welfare of a child (§ 260.10 [1]). The evidence at trial established that defendant's 19-month-old daughter sustained second degree burns on her legs while she was at home with defendant. Contrary to defendant's contention, evidence of prior injuries to the child presented by the People was admissible to negate the defense of accident or mistake advanced by defendant (*see People v Sachs*, 15 AD3d 1005, 1006 [2005], *lv denied* 5 NY3d 768 [2005]; *People v Hawkins-Rusch*, 212 AD2d 961 [1995], *lv denied* 85 NY2d 910 [1995]; *People v McNeeley*, 77 AD2d 205, 211), and the probative value of the evidence outweighed its potential for prejudice (*see People v Alvino*, 71 NY2d 233, 242 [1987]). The introduction of such evidence "is especially warranted . . . where the crime charged has occurred in the privacy of the home and the facts are not easily unraveled" (*People v Henson*, 33 NY2d 63, 72 [1973]; *see People v Holloway*, 185 AD2d 646, 647 [1992], *lv denied* 80 NY2d 1027 [1992]; *McNeeley*, 77 AD2d at 211). In addition, we note that County Court instructed the jury that the evidence was to be considered only with respect to defendant's claim that the child was burned because of an accident or a mistake, thus minimizing the prejudicial effect of the evidence (*see People v Engler*, 150 AD2d 827, 829 [1989], *lv denied* 75 NY2d 770 [1989]). Finally, the verdict is not against the weight

of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.