██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO O. ROMAN, Appellant. (Appeal No. 2.) [842 NYS2d 640]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered January 13, 2004. The judgment convicted defendant, after a nonjury trial, of sodomy in the first degree, rape in the first degree, sodomy in the second degree, rape in the second degree, sexual abuse in the first degree (two counts), attempted sodomy in the first degree and attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the period of postrelease supervision imposed for sexual abuse in the first degree under counts four and nine of the indictment to a period of three years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that Supreme Court's *Ventimiglia* ruling was improper. We reject that contention. Evidence of defendant's prior physical abuse of the victim or other acts of violence with respect to the victim is admissible inasmuch as it is probative of the victim's state of mind and thus is relevant in establishing that defendant used forcible compulsion (*see generally People v Thompson*, 72 NY2d 410, 415-416 [1988], *rearg denied* 73 NY2d 870 [1989]; *People v Ayala*, 236 AD2d 802 [1997], *lv denied* 90 NY2d 855 [1997]). "The introduction of such evidence 'is especially warranted . . . where the crime[s] charged [have] occurred in the privacy of the home and the facts are not easily unraveled' " (*People v Riley*, 23 AD2d 1077, 1077 [2005], *lv denied* 6 NY3d 817 [2006], quoting *People v Henson*, 33 NY2d 63, 72 [1973]). Defendant failed to

preserve for our review his contention in his pro se supplemental brief concerning the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). We further reject defendant's contention that the indictment failed to provide a sufficiently specific time frame with respect to counts one through five. "The indictment must set forth a time interval that reasonably serves the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation" (*People v Risolo*, 261 AD2d 921, 921 [1999] [internal quotation marks omitted]). "Whether time frames set forth in an indictment are sufficiently specific is to be determined on a case-by-case basis in view of all the relevant circumstances" (*People v Hagenbuch*, 267 AD2d 948, 949 [1999], *lv denied* 95 NY2d 797 [2000]). Here, the three-month time frames provided in counts one through four and the two-month time frame in count five were sufficiently specific in view of the victim's young age and were "not so large that [they] deprive[d] the defendant of the ability to prepare and present a defense" (*People v Lanfair*, 18 AD3d 1032, 1033 [2005], *lv denied* 5 NY3d 790 [2005]; *see People v Melfa*, 244 AD2d 857, 858 [1997], *lv denied* 91 NY2d 895 [1998]).

As the People correctly concede, however, the sentence is illegal insofar as the court imposed a five-year period of postrelease supervision on the two counts of sexual abuse in the first degree (*see* Penal Law § 70.45 [former (2)]). We therefore modify the judgment by reducing the period of postrelease supervision imposed on those counts to a period of three years, the maximum allowed (*see People v Keith*, 26 AD3d 879 [2006], *lv denied* 6 NY3d 835 [2006]).

We have reviewed the remaining contentions of defendant in his main brief and pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.