# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**138**

**KA 11-00413**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRIAN R. BUSSOM, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered November 22, 2010. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree and rape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three of the indictment and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Monroe County, for resentencing on that count.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and rape in the second degree (§ 130.30 [1]), defendant contends that the period of postrelease supervision imposed upon the latter conviction is illegal. It is well settled that "defendant's challenge to the legality of the sentence survives his waiver of the right to appeal" (*People v McLellan*, 82 AD3d 1668, 1669; *see People v Seaberg*, 74 NY2d 1, 10), and he may raise such a challenge for the first time on appeal (*see People v Gonzalez*, 99 NY2d 76, 86). Here, as the People correctly concede, the sentence is illegal insofar as the court imposed a 15-year period of postrelease supervision on the count of rape in the second degree (*see* § 70.45 [2-a] [a]). Inasmuch as the record does not establish that the court intended to impose the maximum period of postrelease supervision, we modify the judgment by vacating the sentence on count three of the indictment charging defendant with rape in the second degree, and we remit the matter to Supreme Court for resentencing on that count (*see People v Bowden*, 15 AD3d 884, 885, *lv denied* 4 NY3d 851, *reconsideration denied* 5 NY3d 786; *cf. People v*

*Roman*, 43 AD3d 1282, 1283, *lv denied* 9 NY3d 1009).

Entered:  February 6, 2015

Frances E. Cafarell
Clerk of the Court