People v Mack (2023 NY Slip Op 03598)

People v Mack

2023 NY Slip Op 03598

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

324 KA 06-02078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THURMAN J. MACK, DEFENDANT-APPELLANT. 

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 10, 2006. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree (two counts), sexual abuse in the second degree (three counts), attempted rape in the second degree, sexual abuse in the third degree (three counts), rape in the third degree (three counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal sexual act in the first degree (Penal Law § 130.50 [4]), defendant contends that the verdict is against the weight of the evidence. We affirm.
Contrary to defendant's contention, while there were some inconsistencies in the testimony of the victim, her testimony was not incredible as a matter of law (see People v O'Neill, 169 AD3d 1515, 1515-1516 [4th Dept 2019]; People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court