People v Anderson (2023 NY Slip Op 05084)

People v Anderson

2023 NY Slip Op 05084

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, OGDEN, AND NOWAK, JJ.

708 KA 22-00187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KELLY L. ANDERSON, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered September 21, 2021. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), stemming from the asphyxiation death of her 16-month-old son (victim). We affirm.
Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence "is legally sufficient [inasmuch as] there is [a] valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime has been proven beyond a reasonable doubt,"—including defendant's identity as the person who intentionally caused the victim's death (People v Delamota, 18 NY3d 107, 113 [2011]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). To the extent there was conflicting testimony, we conclude that it merely "presented an issue of credibility for the jury to resolve" (People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018] [internal quotation marks omitted]; see generally People v Lane, 7 NY3d 888, 890 [2006]; People v Garrow, 171 AD3d 1542, 1550 [4th Dept 2019], lv denied 34 NY3d 931 [2019]).
Defendant contends that County Court erred in admitting in evidence recordings of wiretapped telephone calls, obtained by means of an eavesdropping warrant, on the grounds that their admission infringed on her constitutional rights. As defendant concedes, however, that contention is unpreserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant likewise failed to preserve her contention that the court erred in admitting in evidence certain statements that she made to the police that were not included in the pretrial CPL 710.30 notice (see CPL 470.05 [2]; People v Hernandez, 192 AD3d 1505, 1506 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see generally People v Nickerson, 75 NY2d 883, 884 [1990]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also contends that the court, in making its Molineux ruling, erred in admitting in evidence testimony regarding defendant's alleged prior abuse of the victim because that abuse [*2]was not established by clear and convincing evidence. We conclude that defendant failed to preserve that particular aspect of her Molineux contention for our review (see CPL 470.05 [2]; see generally People v Robinson, 68 NY2d 541, 544-545, 547-548 [1986]; People v Larkins, 108 AD3d 1210, 1211-1212 [4th Dept 2013], lv denied 23 NY3d 1022 [2014]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
To the extent that defendant further contends that she was unduly prejudiced by the court's Molineux ruling, we conclude that the court properly determined that the probative value of the challenged evidence outweighed its prejudicial effect (see generally People v Chavis, 218 AD3d 1368, 1370 [4th Dept 2023]). Here, the charged crime "occurred in the privacy of the home and the facts are not easily unraveled" (People v Hall, 182 AD3d 1023, 1024 [4th Dept 2020], lv denied 35 NY3d 1045 [2020] [internal quotation marks omitted]; see People v Riley, 23 AD3d 1077, 1077 [4th Dept 2005], lv denied 6 NY3d 817 [2006]). Moreover, the testimony about the prior abuse was relevant to controvert defendant's theory that the victim's death was medically-related and not due to her own intentional actions (see People v Majors, 291 AD2d 927, 928 [4th Dept 2002], affd 100 NY2d 567 [2003]; Riley, 23 AD3d at 1077; People v Holloway, 185 AD2d 646, 647 [4th Dept 1992], lv denied 80 NY2d 1027 [1992]). We note that the court minimized the prejudicial effect of the Molineux testimony by providing appropriate limiting instructions to the jury (see Hall, 182 AD3d at 1024; People v Vega, 3 AD3d 239, 247 [1st Dept 2004], lv denied 2 NY3d 766 [2004]).
We reject defendant's contention that she was deprived of effective assistance of counsel based on several acts or omissions on the part of defense counsel throughout the underlying proceedings. Defendant contends that defense counsel was ineffective for failing to seek preclusion of certain intercepted telephone calls in which defendant and others referenced defendant's right to counsel and right to silence. We conclude, however, that defendant failed to establish the absence of strategic reasons for defense counsel's failure to seek preclusion of that evidence. Defense counsel attempted to portray defendant in a sympathetic light, and the intercepted telephone calls—none of which was directly incriminating—arguably presented defendant as an innocent, distraught, and confused mother who understandably gave inconsistent accounts about the morning her son died (see People v Sposito, 193 AD3d 1236, 1239 [3d Dept 2021], affd 37 NY3d 1149 [2022]; see generally People v Benevento, 91 NY2d 708, 712 [1998]; People v Smith, 61 AD2d 91, 99 [4th Dept 1978]). Indeed, defense counsel's argument on summation emphasized that clips from those conversations were strung together to make defendant appear guilty but that there were innocent explanations for any seemingly incriminating statements. To the extent that those telephone calls contained statements made by defendant from which her guilt could be inferred—i.e., party admissions—defense counsel was not ineffective for failing to make a motion that had "little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Chico, 90 NY2d 585, 589 [1997]).
Defendant also contends that defense counsel was ineffective in failing to seek preclusion of statements she made to the police that were not properly noticed pursuant to CPL 710.30. We conclude that defense counsel was not ineffective in that regard inasmuch as a motion to preclude the statements on that basis had little or no chance of success (see Stultz, 2 NY3d at 287). Specifically, we note that there is no allegation that the challenged statements to the police were involuntarily made by defendant, which is fatal to any argument that preclusion was warranted for a violation of CPL 710.30 (see generally People v Chase, 85 NY2d 493, 500 [1995]; People v Stewart, 160 AD2d 966, 966 [2d Dept 1990]).
Defendant also contends that defense counsel was ineffective in failing to seek review of the eavesdropping warrant that led to interception of defendant's telephone conversations. We reject that contention because such a challenge would have had little or no chance of success on the merits (see Stultz, 2 NY3d at 287; People v Smith, 145 AD3d 1631, 1632 [4th Dept 2016], lv denied 29 NY3d 1086 [2017]). Contrary to defendant's argument, "[t]o satisfy the requirements for issuance of an eavesdropping warrant set forth in CPL 700.15 (4) and 700.20 (2) (d), the applicant need not make a showing that every conceivable method of investigation has been tried and failed" (People v Brown, 233 AD2d 764, 765 [3d Dept 1996], lv denied 89 NY2d 1009 [1997]). In our view, the People adequately established entitlement to an eavesdropping warrant because of "the nature and progress of the investigation and . . . the difficulties inherent in the use [*3]of normal law enforcement methods" (id. [internal quotation marks omitted]; see People v Cruz, 134 AD3d 1455, 1456 [4th Dept 2015], lv denied 27 NY3d 1067 [2016]; People v Moon, 168 AD2d 110, 112-113 [3d Dept 1991], lv denied 78 NY2d 1078 [1991]).
Defendant failed to demonstrate the absence of "strategic or other legitimate explanations" (Benevento, 91 NY2d at 712) for defense counsel's failure to request a hearing pursuant to People v Singer (44 NY2d 241 [1978]) to challenge the preindictment delay. In that part of the omnibus motion seeking to dismiss the indictment on speedy trial grounds, defense counsel sought dismissal of the indictment due to the preindictment delay in this case, citing Singer and People v Taranovich (37 NY2d 442 [1975]) and arguing that the lengthy delay was due to the People's negligence, that the People failed to show good cause for the delay, and that there was no new evidence developed in the case beyond the wiretapped telephone conversations. In light of the court's summary denial of that part of the omnibus motion, we cannot conclude that defense counsel was ineffective in failing to press for a hearing on the issue of preindictment delay (see Stultz, 2 NY3d at 287). We further note that it is unlikely that defendant would have prevailed at a Singer hearing inasmuch as the only factor that weighed in her favor was the extent of the preindictment delay (see generally People v Decker, 13 NY3d 12, 14-15 [2009]; Taranovich, 37 NY2d at 445; People v Pilmar, 193 AD3d 467, 467 [1st Dept 2021], lv denied 37 NY3d 967 [2021]).
Defendant's remaining claims of ineffective assistance are without merit. Viewing the evidence, the law, and the circumstances of the case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally Benevento, 91 NY2d at 712; People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that the court abused its discretion in refusing to recuse itself. We reject that contention. " '[U]nless disqualification is required under Judiciary Law § 14, a judge's decision on a recusal motion is one of discretion' " (People v Hazzard, 129 AD3d 1598, 1598 [4th Dept 2015], lv denied 26 NY3d 968 [2015]). "[W]hen recusal is sought based upon 'impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " (People v Moreno, 70 NY2d 403, 406 [1987]). Here, defendant did not allege a disqualification and made no showing that the court displayed actual bias (see People v Sides, 215 AD3d 1250, 1252 [4th Dept 2023], lv denied 40 NY3d 936 [2023]; People v McCray, 121 AD3d 1549, 1551 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]), and we conclude that the court did not abuse its discretion in denying defendant's request (cf. People v Roshia, 206 AD3d 1057, 1057-1058 [3d Dept 2022]).
We further conclude that defendant failed to "establish that [s]he was denied a fair trial by alleged cumulative errors of defense counsel, the prosecutor and the court" (People v Williams, 273 AD2d 824, 826 [4th Dept 2000], lv denied 95 NY2d 893 [2000]; see People v Neil, 188 AD3d 1765, 1767 [4th Dept 2020], lv denied 36 NY3d 1058 [2021]).
Finally, we reject defendant's contention that the sentence is
unduly harsh and severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court