People v Jenkins (2024 NY Slip Op 01627)

People v Jenkins

2024 NY Slip Op 01627

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

97 KA 19-02252

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MELVIN JENKINS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered October 24, 2019. The judgment convicted defendant upon a jury verdict of burglary in the second degree, criminal contempt in the first degree, aggravated family offense (two counts), and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal contempt in the first degree (§ 215.51 [b] [v]), and two counts each of aggravated family offense (§ 240.75 [1]) and endangering the welfare of a child (§ 260.10 [1]). The evidence at trial established that, on two occasions, defendant went to the victim's apartment while there was an order of protection in effect against defendant prohibiting him from having any contact with the victim. On the second occasion, defendant forced his way inside the apartment, where the victim and her daughters were sleeping. Once inside the apartment, defendant punched the victim in the head and face. According to the victim, defendant also pointed a handgun at her and threatened to kill her. After leaving the apartment, defendant walked two blocks to a friend's house, where he was arrested by the police. Defendant told the police that he went to the victim's apartment but denied that he assaulted or threatened her with a gun.
On appeal, defendant contends that Supreme Court abused its discretion in allowing the People to present evidence in their direct case that defendant had previously committed the offense of criminal mischief in the fourth degree by breaking into the victim's prior apartment and stealing her keys. We reject that contention. The Molineux evidence was relevant to defendant's intent and to "provide background information concerning the context and history of [the] defendant's relationship with the victim" (People v Wolff, 103 AD3d 1264, 1265 [4th Dept 2013], lv denied 21 NY3d 948 [2013]; see People v Medley, 165 AD3d 1585, 1585-1586 [4th Dept 2018]; People v Wertman, 114 AD3d 1279, 1280 [4th Dept 2014], lv denied 23 NY3d 969 [2014]). We note that the introduction of evidence of prior uncharged domestic violence "is especially warranted . . . where[, as here,] the crime charged has occurred in the privacy of the home and the facts are not easily unraveled" (People v Henson, 33 NY2d 63, 72 [1973]; see People v Anderson, 220 AD3d 1223, 1225 [4th Dept 2023]; People v Roman, 43 AD3d 1282, 1282 [4th Dept 2007], lv denied 9 NY3d 1009 [2007]; People v Riley, 23 AD3d 1077, 1077 [4th Dept 2005], lv denied 6 NY3d 817 [2006]).
We further conclude that, inasmuch as the prior incident of criminal mischief did not involve any allegations of violence or use of a gun, the probative value of the Molineux evidence outweighed its "potential for prejudice" (People v Ely, 68 NY2d 520, 529 [1986] [internal quotation marks omitted]; see People v Ventimiglia, 52 NY2d 350, 359 [1981]). Moreover, any possible prejudice to defendant was "mitigated by the court's limiting instruction" (People v [*2]Watts, 218 AD3d 1171, 1173 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]).
We reject defendant's remaining contention that he was deprived of a fair trial by improper comments made by the prosecutor during summation. Defendant failed to object to several of the comments, rendering his contention partially unpreserved (see CPL 470.05 [2]; People v Jones, 213 AD3d 1279, 1280 [4th Dept 2023], lv denied 39 NY3d 1155 [2023]). In any event, we conclude that the allegedly improper comments were either " 'fair response to the comments made by the defense' " (People v Cooley, 220 AD3d 1189, 1191 [4th Dept 2023]), which alleged that various prosecution witnesses had lied at trial, or were otherwise not "so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal quotation marks omitted]; see People v Holmes, 210 AD3d 1510, 1512 [4th Dept 2022], lv denied 39 NY3d 1073 [2023]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court