People v Uzhca (2024 NY Slip Op 50297(U))

[*1]

People v Uzhca

2024 NY Slip Op 50297(U)

Decided on March 22, 2024

Criminal Court Of The City Of New York, Bronx County

Bowen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Henry Rivera Uzhca, Defendant.

Docket No. CR-018661-23BX

Casey McIntyre, Assistant District Attorney, Bronx County, for the People 
Lisa Boesen, Bronx Defenders, for Defendant

E. Deronn Bowen, J.

Summary
1. The defense motion to deem invalid the People's certificate of compliance dated November 13, 2023, is DENIED.
2. The defense motion to dismiss the information on statutory speedy trial grounds is DENIED.
3. The defense motion to suppress the fruits of defendant's statements, observation, seizure and/or arrest is GRANTED TO THE EXTENT OF ordering Dunaway/Huntley/Wade hearings.
4. Sandoval and Molineux matters are RESERVED to the trial court for resolution.
5. All other branches of the omnibus motion are DENIED.
Defendant, Henry Rivera Uzhca, stands charged in an information with per se driving while intoxicated (VTL § 1192 [2]). He was arraigned on August 26, 2023. On November 13, 2023, the People served and filed a certificate of compliance (CoC) and a statement of trial readiness (SoR). On November 29, 2023, defendant informed the People via email of outstanding, purportedly discoverable material, including body-worn-camera (BWC) footage for [*2]multiple named NYPD police officers and Giglio material for nontestifying police officers involved in this matter.
It is uncontested that the People had shared with the defense BWC footage for three officers by the time of CoC service and filing. Defendant avers in a branch of an omnibus motion dated January 5, 2024, that, per his review of the BWC footage received, additional NYPD police officers were on scene at the time of his arrest. The People counter-explain that they had turned over to the defense all BWC footage of which they were aware on November 13, 2023, the same day that the CoC was served and filed. The footage was emailed on that date to a general discovery repository email for defense counsel's law firm and directly to defense counsel. The People concede, however, that the discovery repository email address was mistyped by one letter, causing it to not be sent. When, on November 29, 2023, defendant first notified the People about this missing footage, the People resent it to the correct discovery repository email address on December 6, 2023. Defendant does not dispute that the email with the same BWC footage sent directly to defense counsel on November 13th was received.
On December 12, 2023, a discovery conference was held (see CPL 245.35 [2]). The court (Daniel Quart, J.), as memorialized on the court action sheet (see People v Perkins, 175 AD3d 1327, 1328 [2019] ["the 'court action sheet' [is] provided to this Court on appeal, of which we may take judicial notice"]), ordered the People "to disclose any BWC of any officers at scene that has not yet [been] disclosed." The court also set an omnibus motion schedule and adjourned the matter to February 6, 2024.
On February 2, 2024, during motion practice, the People shared with defendant additional BWC footage. The People also served and filed a supplemental certificate of compliance (SCoC), explaining therein that they "were unaware of the existence of [the BWC footage] until February 2, 2023." For administrative reasons that are of no import to the substance of this decision and order, on February 6, 2024, defendant's omnibus motion was reassigned to this court for decision. In a branch of the omnibus motion, defendant moves for invalidation of the CoC and dismissal of the information on speedy trial grounds. Defendant argues that the original CoC "is invalid because the People failed to provide the following pieces of discovery: (i) BWC footage of all officers involved in this case and (ii) Gigilo information for the involved [nontestifying] officers." In responsive papers dated February 2, 2024, the People oppose defendant's dismissal motion.[FN1]

"Should a defendant [allege] that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper" (People v Bay, ___ NY3d ___, 2023 NY Slip Op [*3]06407, *7 [internal citations omitted]).
The Court of Appeals has explained that the
"relevant factors for assessing due diligence may vary from case to case, . . . [including], among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at *6).
In other words,
"[i]n Bay, the Court of Appeals made clear that whether the People exercised due diligence is not to be examined in a vacuum. To that end, the non-exclusive list of factors articulated by the Court in that case calls for a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require us to conclude that a COC is improper if the People miss even one item of discovery" (People v Cooperman, ___ AD3d ___, 2024 NY Slip Op 01454, *3 [App Div, 4th Dept, March 15, 2024]; see People v Vaillant, 80 Misc 3d 856, 870 [Crim Ct, Bronx County 2023] [evaluating whether "the People, on the whole, demonstrated due diligence . . . in procuring discoverable material"]).
Upon review of the People's admitted mistakes and delays respecting the submission of discoverable BWC footage to the defense, included in "a holistic assessment" of the People's discovery compliance, this court finds that the People's errors do not rise to a level necessitating invalidation of the November 13, 2023, CoC. This court finds that, "on the whole," the People demonstrated due diligence and good faith in providing the BWC footage to the defense, as "the People made substantial efforts to comply with their discovery obligations under CPL article 245" respecting this, and other, discoverable material (Cooperman, 2024 NY Slip Op 01454, *3).
Defendant's omnibus averment, that "[t]he prosecution has failed to comply with C.P.L. § 245.20(1)(k)" respecting the Giglio material for nontestifying officers, is similar to the situation the Fourth Department decided very recently. Here, as in Cooperman,
"defendant contends that the COC was invalid because the People did not disclose to him certain law enforcement disciplinary records for use as impeachment materials. The law enforcement disciplinary records at issue pertained to individuals who the People indicated would not be testifying at trial. Thus, those records were not subject to automatic discovery inasmuch as CPL 245.20 (1) (k) (iv) requires disclosure only of materials that tend to impeach the credibility of a testifying prosecution witness" (id. at *2 [internal citations and quotation marks omitted] [emphasis in the original]).
The court is aware of no countervailing Appellate Division decision on the specific question of the discoverability of Giglio material for nontestifying officers. Consequently, Cooperman is binding upon this court (see People v Tupac Shakur,[FN2]
 215 AD2d 184, [1st Dept 1995] ["Trial courts within this department must follow the determination of the Appellate Division in another department until such time as this court or the Court of Appeals passes on the question"]; [*4]Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984] ["the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule"]). Therefore, defendant's Giglio discovery objection is overruled by Cooperman.
Accordingly, the branch of the omnibus motion seeking invalidation of the CoC dated November 13, 2023, is DENIED. As the correlated portion of this branch of the omnibus motion, seeking dismissal of the information on statutory speedy trial grounds, hinges upon a finding of discovery noncompliance which is not to be had, it, too, is DENIED.
The branches of the omnibus motion seeking suppression of fruits of defendant's observation, seizure or arrest is GRANTED to the extent of ORDERING the following hearings: Dunaway/Huntley/Mapp. All other branches of the omnibus motion seeking suppression or, alternatively, hearings are DENIED as duplicative of hearing requests by defendant herein granted or unsupported by defendant's arguments or the record. In particular, the application, effectively, for Gursey/Atkins hearings is DENIED. The bareboned declaration that a "chemical breath test was performed in violation of [defendant's] limited right to consult with counsel before deciding whether to consent to chemical testing" is insufficient to grant a hearing. Defendant does not allege any of the three points necessary to obtain Gursey suppression, or a hearing thereon, i.e., that he made "such a request" to speak with counsel, that counsel was "physically present [or could] be reached promptly by telephone or otherwise" at the time of the request, and that it was "feasible for the police to allow defendant to attempt to reach counsel without unduly delaying administration of the chemical test" (People v Smith, 18 NY3d 544, 549 [2012]; see People v Gursey, 22 NY2d 224 [1968]). Similarly, the defense attestation that the chemical breath test "was done and [a] video [of defendant] was taken over two-and-one-half hours after the police arrested" defendant is insufficient to grant Atkins suppression, or a hearing thereon, as defendant still fails to allege an issue of fact as to voluntariness (see People v Atkins, 85 NY2d 1007, 1009 [1995] ["the two-hour limitation contained in Vehicle and Traffic Law § 1194 (2) (a) has no application [ ] where . . . defendant expressly and voluntarily consented to administration of the [chemical breath] test"]). 
Sandoval and Molineux motions are RESERVED to the trial court for resolution (see People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). All other branches of the omnibus motion have been reviewed and are DENIED as redundant of motions decided herein, duplicative of applicable constitutional or statutory guidelines, or unsupported by defendant's arguments and the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.
Dated: March 22, 2024
Bronx, New York
E. Deronn Bowen, J.C.C.

Footnotes

Footnote 1: In reply papers dated February 16, 2024, defendant asserts to this court for the first time that discoverable "memo books for [three named NYPD Police Officers] are still outstanding." However, "[a] party may not raise a claim for the first time in a reply affirmation" (People v Adams, 30 Misc 3d 1228[A],k 2011 NY Slip Op 50262[U], *41 [Sup Ct, NY County 2011], citing People v Ford, 69 NY2d 775, 777 [1987] ["This contention was improperly raised for the first time in appellant's reply brief to this court"]). Therefore, defendant's memo book protestation is not properly before this court and will not be considered.

Footnote 2: Yes, that Tupac Shakur (see e.g. 2Pac, All Eyes on Me [Death Row and Interscope Records, Feb. 13, 1996]; 2Pac, Me Against the Word [Interscope Records March 14, 1995]).