People v Anderson (2026 NY Slip Op 00967)

People v Anderson

2026 NY Slip Op 00967

Decided on February 19, 2026

Court of Appeals

Troutman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2026

No. 9 

[*1]The People & c., Respondent,
vKelly L. Anderson, Appellant.

Melissa K. Swartz, for appellant. 
Todd J. Casella, for respondent.

TROUTMAN, J.

:
Defendant contends that the Appellate Division applied an incorrect legal standard when conducting its weight of the evidence review, requiring reversal and remittal pursuant to our recent decision in People v Baque (43 NY3d 26 [2024]). We disagree.I.
Defendant's 16-month-old son died in 2002. An autopsy later determined the cause of death to be asphyxia and the manner of death to be homicide. No charges were filed and the case went cold. The investigation was renewed in 2018, and in 2020, defendant was charged with murder in the second degree.
The parties do not dispute that the People's evidence at trial was wholly circumstantial. The People's proof included, among other things, evidence that defendant's son frequently had unexplained bruises and that defendant harshly physically disciplined him in the presence of others. The jury convicted defendant of second-degree murder.
On appeal, the Appellate Division unanimously affirmed the judgment (220 AD3d 1223 [4th Dept 2023]). The Court held that the verdict was not against the weight of the evidence, stating that, "[a]lthough a different verdict would not have been unreasonable," the jury did not "fail[ ] to give the evidence the weight it should be accorded" (id. at 1224 [internal quotation marks omitted]).
A Judge of this Court granted defendant leave to appeal (42 NY3d 1051 [2024]). We now affirm.II.
In Baque, we recently clarified the Appellate Division's role in reviewing the weight of the evidence in a case involving purely circumstantial evidence. In a circumstantial evidence case, the jury must conclude that " 'the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' " (Baque, 43 NY3d at 29, quoting People v Sanchez, 61 NY2d 1022, 1024 [1984]). Observing that the Appellate Division's function in conducting a weight review was to "independently assess all of the proof," we explained that the Appellate Division, like the jury, must conclude that the evidence gives rise to such an inference (see id. at 29-30 [internal quotation marks omitted]). We further reiterated in Baque that this Court has no power to review the Appellate Division's decision regarding the weight of the evidence unless that Court " 'manifestly failed to consider the issue or did so using an incorrect legal principle' " (id. at 31, quoting People v Kancharla, 23 NY3d 294, 303 [2014]). Defendant contends that the Appellate Division's analysis in this case violates our subsequent decision in Baque in several respects.
First, defendant contends that unlike in Baque, the Appellate Division's discussion of the weight of the evidence contains no factual context or analysis of the evidence presented to the jury (cf. Baque, 43 NY3d at 31). That is not a valid basis for remittal. Although we noted that the Appellate Division's decision in Baque did contain a discussion of the facts, we also reaffirmed that the Appellate Division is not required to " 'manifest its weight of evidence review power by writing in all criminal cases' " (id., quoting People v Bleakley, 69 NY2d 490, 496 [1987]), and that the Court may " 'summarily affirm[ ] without explicitly addressing the merits of [the] defendant's challenge to the weight of the evidence' " (id., quoting People v Romero, 7 NY3d 633, 646 [2006]). Thus, there is no requirement that the intermediate appellate court reject a weight of the evidence contention by writing at any length, so long as the court does not "manifestly fail[ ] to consider the issue" or apply an incorrect legal principle (id. [internal quotation marks omitted]). Here, the Appellate Division expressly rejected defendant's weight of the evidence challenge and did so by citing Bleakley and People v Danielson (9 NY3d 342, 349 [2007])—citations that we noted in Baque indicated that the Appellate Division applied the correct legal standard (see Baque, 43 NY3d at 31).
For this reason, defendant's observation that the Appellate Division failed to note the circumstantial nature of the evidence also does not demonstrate that the Court applied an incorrect legal standard. As we stated in Baque, the Appellate Division need not "charge itself" with the jury instruction regarding circumstantial evidence, and we assume that the Appellate Division appropriately conducts its weight of the evidence review in a circumstantial evidence case, unless its decision manifestly demonstrates otherwise (see id. at 30-31).
Next, defendant contends that the Appellate Division misunderstood its role when it stated that "[t]o the extent there was conflicting testimony, we conclude that it merely presented an issue of credibility for the jury to resolve" (220 AD3d at 1224 [internal quotation marks omitted]). We have repeatedly stated, however, that although the Appellate Division "may substitute its own credibility determinations for those made by the jury in an appropriate case," the Appellate Division generally "must afford deference to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (Baque, 43 NY3d at 30 [internal quotation marks omitted]; see Romero, 7 NY3d at 644-646; Bleakley, 69 NY2d at 495). This is because "those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (People v Lane, 7 NY3d 888, 890 [2006]). In stating that the conflicting testimony presented a credibility issue for the jury to resolve, the Appellate Division cited Lane, among other cases, indicating that the Appellate Division deferred to the jury's credibility determinations and that it did not view this as an appropriate case in which to substitute its own credibility determinations for that of the jury (see 220 AD3d at 1224).
In sum, Baque did not alter the longstanding principle that this Court "cannot review a weight of the evidence challenge unless the intermediate appellate court manifestly failed to consider the issue or did so using an incorrect legal principle" (Baque, 43 NY3d at 31 [internal quotation marks omitted]). Nothing in the Appellate Division's decision demonstrates that the Court applied an incorrect legal standard when conducting its weight of the evidence review, and therefore we have no further power to review defendant's weight of the evidence challenge.
Defendant's remaining contentions do not require reversal.
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed. Opinion by Judge Troutman. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.
Decided February 19, 2026