People v Lawrence (2024 NY Slip Op 04872)

People v Lawrence

2024 NY Slip Op 04872

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

621 KA 23-00804

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY J. LAWRENCE, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered April 20, 2023. The judgment convicted defendant upon a jury verdict of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), stemming from his conduct in forcibly stealing property at knifepoint from an attendant (victim) at a gas station convenience store. We affirm.
Defendant contends that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). In particular, he contends that the People's failure to disclose the criminal histories of two prosecution witnesses (see CPL 245.20 [1] [k] [iv], [p]) and body-worn camera (BWC) footage from two New York State troopers investigating the robbery (see § 245.20 [1] [g]) rendered two certificates of compliance filed pursuant to CPL 245.50 improper, thereby rendering the corresponding declarations of trial readiness illusory and insufficient to stop the running of the speedy trial clock. We reject defendant's contention.
The criminal action against defendant in this case was commenced on April 27, 2022 (see CPL 1.20 [17]). The People filed their initial certificate of compliance (COC) and statement of readiness (SOR) on May 25, 2022. On October 20, 2022, defense counsel contacted the People and indicated that criminal histories for two prosecution witnesses had not yet been disclosed, including with respect to events that occurred after the filing of the initial COC. That same day, the People immediately disclosed the complete criminal histories of both witnesses, and, on October 24, 2022, they filed a supplemental COC and SOR. At that time, defendant did not seek any relief related to that belated production. On December 30, 2022, defense counsel contacted the People again to indicate that she had recently become aware that the BWC footage from the New York State Police (NYSP) had not been disclosed. The People that same day disclosed the missing footage and filed a second supplemental COC and SOR.
On the same day, defendant moved to dismiss the indictment on speedy trial grounds, arguing that the People's failure to provide all initial discovery required by CPL 245.20 invalidated the initial COC and first supplemental COC, thereby rendering the corresponding SORs illusory. Consequently, defendant contended that the court should charge the People with all the time that had elapsed since the commencement of the criminal action, requiring dismissal of the indictment (see CPL 30.30 [1]). The court denied the motion.
We conclude that the court did not err in denying defendant's motion. Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]). "A statement of readiness [made] at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (England, 84 NY2d at 4) and will be deemed invalid (see CPL 30.30 [5]).
As relevant here, "[a]ny [SOR] must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20" (CPL 30.30 [5]; see § 245.50 [1]; People v Cooperman, 225 AD3d 1216, 1217 [4th Dept 2024]). A COC must state that, "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" and must also "identify the items provided" (CPL 245.50 [1]; see People v Gaskin, 214 AD3d 1353, 1354 [4th Dept 2023]). Notwithstanding the provisions of any other law, and absent an individualized finding of special circumstances by the court before which the charge is pending, the prosecution will not be deemed ready for trial for purposes of CPL 30.30 until it has filed a "proper" COC pursuant to CPL 245.50 (1) (CPL 245.50 [3]; see People v Bay, 41 NY3d 200, 210 [2023]).
Consequently, in evaluating the propriety of a COC—i.e., whether the People have complied with their mandatory initial disclosure obligations under CPL 245.20—"the key question . . . is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211, quoting CPL 245.50 [1]). Despite not being defined by the statute, due diligence "is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives" (Bay, 41 NY3d at 211 [internal quotation marks omitted]). That analysis "is fundamentally case-specific . . . and will turn on the circumstances presented" (id. at 212). Although the statute does not require a "perfect prosecutor"—i.e., there is no rule of strict liability—the Court of Appeals has emphasized that the prosecutor's good faith, while required, "is not sufficient standing alone and cannot cure a lack of diligence" (id.). In determining whether the People exercised due diligence, the Court in Bay identified the following non-exhaustive list of factors for courts to consider: "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.; see People v Mitchell, 228 AD3d 1250, 1255 [4th Dept 2024]; Cooperman, 225 AD3d at 1219).
In short, on a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213; see Cooperman, 225 AD3d at 1218). Where the People fail to meet their burden, "the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (Bay, 41 NY3d at 213; Mitchell, 228 AD3d at 1256).
Here, with respect to the NYSP BWC footage, we conclude, under the circumstances of this case and upon considering the relevant Bay factors, that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL article 245 at the time of the initial COC (see Bay, 41 NY3d at 212). Even though the underlying case was not particularly complex, which cuts against a finding of due diligence, most of the other remaining factors, when considered as part of a "holistic assessment," support the conclusion that the People exercised due diligence with respect to the missing BWC footage (Cooperman, 225 AD3d at 1220). The initial discovery supplied by the People pursuant to their mandatory obligations under CPL article 245 was voluminous, as shown by the lengthy list of disclosed material submitted with the initial COC. Among other things, the People disclosed numerous audio and video files, photographs, booking information, numerous files containing law enforcement paperwork, and police reports. There also is no dispute that the People did, in fact, disclose some BWC footage, albeit not the footage from NYSP. Indeed, that fact supports the People's assertion that, in complying with their mandatory discovery obligations, they had requested such [*2]footage from all agencies—including NYSP—and that, due to mere "error and oversight," the NYSP BWC footage was not initially disclosed. Given the voluminous discovery actually produced, it would not have been particularly obvious to the People at the time of the initial COC that some of the requested BWC footage was missing. Ultimately, the People established that their initial failure to disclose the missing BWC footage "was inadvertent and without bad faith or a lack of due diligence" (People v Deas, 226 AD3d 823, 826 [2d Dept 2024]), which is substantiated by the fact that the People immediately disclosed the remaining BWC footage once they learned that it had not been turned over in the initial release. This is not a case where the People affirmatively denied the existence of clearly discoverable material (cf. Bay, 41 NY3d at 215) or failed to take any steps to ascertain the existence of discoverable material contained in their own records (cf. Mitchell, 228 AD3d at 1256). To conclude otherwise—i.e., that the People did not exercise due diligence with respect to the NYSP BWC footage—would, in our view, hew too closely to the "perfect prosecutor" approach expressly rejected by the Court of Appeals (Bay, 41 NY3d at 212 [internal quotation marks omitted]; see Cooperman, 225 AD3d at 1218).
Further, with respect to the criminal histories of the two witnesses—which are undisputedly subject to disclosure under CPL 245.20 (1) (k) (iv) and (p)—we conclude, under the circumstances of this case and upon considering the relevant factors, as discussed in greater detail above, that the court did not err in denying defendant's motion inasmuch as the People exercised due diligence and "made reasonable efforts sufficient to satisfy CPL article 245" (Bay, 41 NY3d at 212; see CPL 245.50 [1]) at the time of the filing of the initial COC.
Even assuming, arguendo, that the challenged COCs were invalid and that, consequently, defendant met his "initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]), we nevertheless conclude based on our review of the record and the circumstances of this case that the motion was properly denied because the People met their burden of demonstrating "sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]; see People v Abergut, 202 AD3d 1497, 1498 [4th Dept 2022], lv denied 38 NY3d 1068 [2022]; People v Hewitt, 144 AD3d 1607, 1607-1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although we conclude that "a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings" (People v Watts, 218 AD3d 1171, 1173 [4th Dept 2023], lv denied 40 NY3d 1013 [2023] [internal quotation marks omitted]), the jury here "was entitled to credit the testimony of the People's witnesses, including that of the victim, over the testimony of defendant's witnesses" as well as over defendant's competing account of the incident asserting that the robbery was actually staged by him and the victim, and we perceive no reason to disturb the jury's credibility determinations in that regard (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]; see Watts, 218 AD3d at 1173-1174; People v Mercado-Gomez, 206 AD3d 1643, 1644 [4th Dept 2022]). To the extent that there were any inconsistencies in the victim's testimony, we conclude that it "was not 'so inconsistent or unbelievable as to render it incredible as a matter of law' " (People v Lewis, 129 AD3d 1546, 1548 [4th Dept 2015], lv denied 26 NY3d 969 [2015]; see People v O'Neill, 169 AD3d 1515, 1515-1516 [4th Dept 2019]), and that "any such inconsistencies merely presented issues of credibility for the jury to resolve" (Mercado-Gomez, 206 AD3d at 1644; see People v Anderson, 220 AD3d 1223, 1224 [4th Dept 2023]).
Finally, defendant contends that the court erred in denying his CPL 330.30 motion to set aside the verdict based on his allegation that the indictment was not properly filed in accordance with CPL 190.65 (3), thereby depriving the court of jurisdiction to conduct the trial. We reject that contention. CPL 190.65 (3) provides, in relevant part, that "[u]pon voting to indict a person, a grand jury must . . . file an indictment with the court by which it was impaneled" (emphasis added). Here, that requirement was satisfied when the People filed the indictment with Wayne County Court, the superior court that had impaneled the grand jury (see generally CPL 10.10 [2] [b]; 210.10). In addition to the foregoing, a new trial is not warranted here because "case law establishes that the language of CPL 190.65 (3) that requires the filing of the indictment is directory, not mandatory" (People v Fulton, 13 AD3d 1217, 1217 [4th Dept 2004], lv denied 4 NY3d 830 [2005]; see generally Dawson v People, 25 NY 399, 405-406 [1862]), and therefore [*3]the purported defect is not jurisdictional inasmuch as the failure to file is not subject to any "time limits" (People v Cade, 74 NY2d 410, 416 [1989]; see People v Brancoccio, 189 AD2d 525, 530 [2d Dept 1993], affd 83 NY2d 638 [1994]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court