People v Godinez (2025 NY Slip Op 50092(U))

[*1]

People v Godinez

2025 NY Slip Op 50092(U)

Decided on January 29, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 29, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Edson Godinez, Defendant

Docket No. CR-031167-24KN

Prosecution: Kings County District Attorney's Office by ADA Susana Sosa
Defendant: The Legal Aid Society by Leanne McIntyre, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint charging Assault in the Third Degree and related offenses on July 26, 2024 (PL §120.00[1]). On July 29, the Prosecution served and filed a superseding information (SSI) containing identical charges. On July 31, the parties appeared in Part DV1, and Defendant was re-arraigned on the SSI. On October 23, the Prosecution served and filed their COC and SOR. On October 25, the parties appeared in Part DV1 and were instructed to confer about discovery. On November 26, Defendant, through counsel, emailed the Prosecution to request a missing 911 calls. On December 17, the parties again appeared in Part DV1, and Defendant filed the instant motion to dismiss. On January 6, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC) with an additional 911 call. They filed their response to Defendant's motion on January 21, 2025.
Defendant argues that the Prosecution's failure to disclose all 911 calls before filing their COC renders it invalid. Citing other discovery, Defendant argues there is clear evidence of additional undisclosed 911 calls. He further argues that had the Prosecution diligently reviewed [*2]their own discovery, they would have realized the omission. First, Defendant points out that the sprint report includes three separate notes by 911 operators about additional calls. Second, Defendant highlights the previously disclosed 911 call itself, which is five minutes and twenty seconds long and in which the complainant says she called 911 two or three hours earlier.
The Prosecution argues their COC was filed in good faith after exercising due diligence and is thus valid under CPL §245.50. They concede that they overlooked a 911 call but say that they promptly obtained and disclosed it when they realized. They argue that the omission does not evince a lack of diligence because it was not obvious despite their efforts. The Prosecution explains that they timely requested and disclosed all relevant materials from the police. They argue that in the 911 call they turned over, the complainant's mention of a previous call is brief and hard to hear, as she speaks quickly and at a low volume. They also point out that the sprint report is seven pages long and includes approximately seventy-five entries; the Prosecution argues that they missed the three entries Defendant references despite diligently reviewing it. They explain that ordinarily all 911 calls associated with a case are catalogued under a single reference number in the sprint report, but such did not happen here. They further argue the volume of discovery they have disclosed shows their diligence. If a remedy is necessary, the Prosecution argues it should be preclusion of the missing 911 calls instead of dismissal. 
In their SCOC, the Prosecution offers the following explanation for the delayed disclosure: "The People were unaware of a previous 911 call because it was not attached to the ICAD number that was associated with this report. The People requested the 911 calls associated with this report and provided the 911 call to Defense in our COC and SOR. Despite our good faith efforts, the People were unaware of a call made prior to the 911 call provided to Defense."
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]). The prosecution is also obligated to make a diligent, good faith effort to ascertain the existence of and make available materials that would be automatically discoverable but are not in their possession, custody, or control, except those which the defendant may obtain by subpoena duces tecum (CPL §245.20[2]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety [*3]days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
It is undisputed that 911 calls made in connection with the case are subject to automatic discovery (CPL §245.20[1][g]). It is also established that the Prosecution failed to turn over at least one 911 call prior to filing their COC. Regardless, the key question before the Court is whether the Prosecution's COC is nevertheless valid. The Court finds that it is.
CPL §245.50(1) provides that a COC filed in good faith and reasonable under the circumstances shall not be subject to adverse consequences, save appropriate sanctions as outlined in CPL §245.80. Whether the COC is reasonable under the circumstances despite omissions in automatic discovery turns on a showing of due diligence (People v Bay, 41 NY3d 200 [2023]). Due diligence does not mean perfection; rather, it is a case-specific inquiry based upon several factors, such as the efforts made by the prosecution to comply with their discovery obligations, the volume of omitted material, the complexity of the case, how obvious the materials would have been to a reasonably diligent prosecutor, the prosecution's explanation for the omission, and their response when alerted to the issue (Bay at 212).
Under the circumstances, the Court finds that the most important factor is how obvious the missing material would have been to a reasonably diligent prosecutor. The Court credits the Prosecution's statement that the additional 911 calls were not assigned to the same reference number in the sprint report. This abnormality makes the issue harder to spot. The Court also notes that, although the complainant said on the disclosed 911 call that she had called earlier, she spoke quickly and softly, making it hard to hear her. Missing this detail is reasonable under the circumstances. Moreover, the Prosecution did disclose a 911 call prior to filing their COC. Had they failed to obtain any 911 calls, the omission would have been more obvious because 911 calls are common to many criminal cases. All considered, the unique circumstances of this case indicate that the additional 911 calls would not have been obvious to an ordinary prosecutor exercising reasonable diligence (People v Cooperman, 225 AD3d 1216 [2024]; People v Lawrence, 2024 NY Slip Op 04872 [4th Dept.]; People v Watkins, 224 AD3d 1342 [2024]).
Turning to the remaining factors, although the simplicity of the case cuts against a finding of diligence, the Prosecution disclosed a substantial volume of discovery as compared to [*4]the relatively small amount of missing material. The Prosecution took adequate steps to ensure their compliance with their obligation, requesting the materials from the police before filing their COC. They also acted upon Defendant's request for the missing material, submitting a new request to the police and promptly filing a SCOC as required by CPL §245.50(1). The Court is persuaded by the Prosecution's explanation for the delayed disclosure in their SCOC, namely that they were not aware of the missing 911 calls because they were associated with different reference numbers. The Court notes, however, that the information Defendant presents suggests there may be at least two subsequent 911 calls. If those exist, the Prosecution is obligated to obtain and disclose them within fifteen days (CPL §245.20[1][g]).
CONCLUSION
This case commenced with the filing of an accusatory instrument on July 26, 2024. The Prosecution validly stated ready for trial on October 23, 2024. They are charged eighty-nine days. Accordingly, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: January 29, 2025
Hon. Joshua Glick, JCC